ROBERTS, J.
 

 In this workers’ compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) denying its request to apply a fifty-percent reduction to Claimant’s impairment benefits pursuant to section 440.15(3)(c), Florida Statutes (2005). Because the JCC correctly applied the statute, we affirm the JCC’s order.
 

 The facts of the case are not in dispute. During the period for which Claimant was entitled to permanent impairment benefits, Claimant missed work on occasion and failed to earn one hundred percent of his pre-injury average weekly wage (AWW). The parties likewise stipulate that Claimant’s failure to earn one hundred percent of his AWW was unrelated to his compen-sable injury. Because Claimant’s reduced earnings were not causally related to his compensable injury, the E/C paid Claimant impairment benefits pursuant to the fifty-percent earned income reduction provided in section 440.15(3)(c). Claimant demanded benefits at the rate of seventy-five percent, arguing that the statute lacks a causation requirement and that impairment benefits are based purely on the amount of an employee’s actual earnings.
 

 Accordingly, the question presented is whether section 440.15(3)(c) requires a causal connection between a claimant’s loss of earnings and his compensable injury before a claimant may receive the maximum percentage of impairment benefits. The pertinent language of section 440.15(3)(c), Florida Statutes (2005), provides:
 

 Impairment income benefits are paid biweekly at the rate of 75 percent of the employee’s average weekly temporary total disability benefit not to exceed the maximum weekly benefit under s. 440.12; provided, however, that such benefits shall be reduced by 50 percent for each week in which the employee has earned income equal to or in excess of the employee’s [AWW].
 

 We agree with the JCC that section 440.15(3)(c) is clear and unambiguous. An E/C’s obligation to pay impairment benefits at the rate of seventy-five percent is not expressly limited to periods in which an employee has not earned income equal to or in excess of the employee’s AWW
 
 because of
 
 the covered condition. The plain language of the statute does not require a claimant to show his lost earnings were causally related to his injury as a condition to receiving the maximum percentage of impairment benefits. The interpretation urged by the E/C would re
 
 *147
 
 quire the court to read words into the statute not included by the Legislature.
 

 Consequently, under the facts of this case and because no affirmative defense was proven, the E/C was not permitted to apply the fifty-percent reduction to Claimant’s impairment benefits. The JCC’s order is AFFIRMED.
 

 KAHN and BENTON, JJ., concur.